## (May 17, 1973)

■ S. J. CAPELIN ASSOCIATES, INC., Respondent, v. GLOBE MANUFACTURING CORPORATION, Appellant.— Order, Supreme Court, New York County, entered on December 5, 1972, denying defendant's motion for summary judgment dismissing the complaint, reversed on the law, the motion granted and the complaint dismissed. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Plaintiff seeks to enjoin defendant from continuing in its employ one Peter A. Libman. Plaintiff further seeks compensatory damages for inducement of breach of contract as well as punitive damages based on the allegation that defendant's conduct was calculated to injure plaintiff in the operation of its business. In June of 1968 plaintiff was retained by defendant to provide industrial engineering services. In the course of the performance of that contract plaintiff assigned its then employee Peter A. Libman as field engineer in charge. The agreement between plaintiff and defendant provided that " during the life of this agreement and for three (3) years after the termination thereof, neither will offer employment to * * * an individual who at any time during the period of this agreement has been employed by the other and who has in the course of such employment obtained confidential information relating to the other's * * * trade secrets ". Similarly, Libman, pursuant to his employment contract, was restricted from " (1) disclos[ing] any of the [plaintiff's] methods * * * trade secrets * * * (2) * * * or accept[ing] employment from any clients of the [plaintiff] ". Subsequent to the completion of the contract between plaintiff and defendant, and after defendant had made full payment of all sums owing under that agreement, Libman, who had previously given notice of his intention to leave plaintiff's employ, contacted defendant and after negotiations was hired as an executive assistant to the president of the defendant corporation. The complaint is founded upon the claim that defendant's employment of Libman was in violation of the terms of the agreement between the parties. Additionally, plaintiff alleges that defendant was aware of the limitations placed upon Libman in his employment contract. It is immaterial which agreement is relied upon for it is evident that both agreements looked principally to the protection of the plaintiff insofar as there

existed confidential information or trade secrets. The crucial issue, therefore, is whether Libman possesses trade secrets. While the employment contract contains acknowledgment that trade secrets are used in plaintiff's business, such is not dispositive of the issue in the absence of at least some factual demonstration to that effect. (See *Dockstadter* v. *Reed*, 121 App. Div. 846.) In this respect the defendant has come forth with evidentiary facts establishing that Libman does not have possession of any confidential information or trade secrets. In addition to the denials by defendant of using or inducing Libman to reveal trade secrets and Libman's own denials of possessing such information, there is submitted a detailed analysis of the exact nature of the work performed by Libman on plaintiff's behalf pursuant to the contract with the defendant. From such evidence, it clearly appears that the methods used by plaintiff are similar, if not identical, to those which are otherwise readily available to the public. And defendant having come forth with evidence establishing prima facie that Libman was not exposed to and did not acquire trade secrets or confidential information, plaintiff " was bound to come forward and present evidentiary data supporting [its] alleged causes of action " (*Desmond* v. *20th Century Fox Record Corp.*, 36 A D 2d 925, 926; *Jersey Cent. Power & Light Co.* v. *Westinghouse Elec. Corp.*, 38 A D 2d 283, 286). However, plaintiff has submitted the affidavit of an individual without personal knowledge of the facts and framed in the conclusory language of the complaint. Such does not create any genuine issue of fact requiring a trial. (See *Siren Realty Corp.* v. *Biltmore Prods. Corp.*, 27 A D 2d 519.) Certainly, plaintiff could have come forth with some evidentiary showing to establish the existence of trade secrets without revealing the secrets themselves. Additionally, it is to be noted that Libman was foreclosed only from accepting employment " from any clients of [the plaintiff] ". At the time Libman entered defendant's employ, defendant was no longer plaintiff's client and no further relationship was contemplated. Restrictive covenants of this nature are to be narrowly construed (*Purchasing Assoc.* v. *Weitz*, 13 N Y 2d 267), and there is no basis for expanding the language of the covenant to include a proscription against employment by " past clients ". Concur — Markewich, Nunez, Lane and Tilzer, JJ., McGivern, J. P., dissents in the following memorandum: I would affirm. In my view the majority opinion in granting summary judgment to defendant fails to give adequate consideration to the fact that the burden of establishing the absence of a factual question rested upon movant-defendant. Even assuming that the services rendered to defendant by Libman were purely of an executive nature, and not in an engineering capacity, which conclusion is speculative, resting on defendant's conclusory assertions. I found no valid basis for a summary denial of plaintiff's claim. A proper disposition of this case rests not on the terms of the contract between plaintiff and its employee, Libman. but upon the much broader provisions of the contract between plaintiff and defendant. Unless we are prepared to say that the latter contract is invalid as a matter of law, which I am not prepared to do, in view of its time limitation, I cannot accept the conclusion that there are no factual questions requiring a plenary trial. The contract entered into by defendant with plaintiff clearly placed a lawful restraint, for the indicated limited period, upon defendant in attempting to employ any former employee of plaintiff who might have been exposed to confidential information or trade secrets. I find no valid basis for disturbing Special Term's determination that there remains a question of fact as to " whether the employee at issue had acquired any confidential information or trade secrets which he could have or did divulge." It is not properly the function of an appellate court on a motion for summary judgment to assume the

prerogative of a trial court, after a plenary trial, and determine on papers submitted " that the methods used by plaintiff are similar, if not identical, to those which are otherwise readily available to the public." Such a factual determination can properly be made only after a factual presentation subjected to the trial process. (*Esteve* v. *Abad*, 271 App. Div. 725; see, also, *Stone* v. *Goodson*, 8 N Y 2d 8.) Contrary to the majority's thesis, not every affidavit made by an attorney lacking personal knowledge is categorically to be rejected, particularly one pointing out the deficiencies of a defendant's motion. In *Dockstadter* v. *Reed* (121 App. Div. 846, 847), cited in the majority opinion, no issue of summary judgment was involved; and it did not involve trade secrets. That case simply held that it was not proper to grant a temporary injunction, restraining a performer in a minstrel show from rendering any services to a third person simply because the contract of employment described his services as a bass singer to be " special, unique and extraordinary ", particularly where it appeared defendant was paid a " quite moderate" salary, indicating his part was " quite ordinary, and manifestly could be easily filled ", and where it was " undisputed that he was ill and that a continuance under the contract with plaintiff would endanger his health and be likely to destroy his voice altogether ". But in the instant case, we are dealing with the protection of trade secrets and the defense rests not on evidentiary data. The defense rests on interpretations, and not on an absence of factual issues; such evaluations are not properly the subject of summary determinations. (*Esteve* v. *Abad*, 271 App. Div. 725, *supra*; *Gravenhorst* v. *Zimmerman*, 236 N. Y. 22, 38–39; *Sillman* v. *Twentieth Century-Fox Film Corp.*, 3 N Y 2d 395, 404.)